# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

## LETTER OPINION

Henry Klingeman
Klingeman Turano LLC
230 Main Street, 2nd Floor
Madison, NJ 07940
*Attorneys for Defendant*

Christopher J. Christie, US Attorney
Michael Martinez, Asst. US Attorney
United States Attorney's Office
970 Broad Street (Room 702)
Newark, New Jersey 07102
*Attorneys for the United States*

Re:     **U.S. v. Vasquez,**
        **Docket No. 04-CR-84 (WJM)**

Dear Counsel:

This matter is before the Court on the Government's motion to correct the sentence that resulted from clear error.  For the reasons stated below, the motion is **DENIED**.

Defendant was sentenced on April 6, 2005.  The Government filed this motion 5 days after this Court rendered the sentence and argued that the Court erred in failing to consider tax losses determined through a sample audit when sentencing defendant.  The defendant then filed an opposition stating that this Court lacks jurisdiction because the seven day period with which this Court could modify the sentence had expired.

Federal Rule of Criminal Procedure 35(a) provides that a court may correct a sentence that resulted from arithmetical, technical, or other clear error within seven days of sentencing.  Pursuant to the rule, sentencing is considered the oral announcement of the sentence.  *See* Fed. R.

Crim. Pro. 35(c).  While it has been held that a timely filing provides a court with jurisdiction through the disposition of the motion, *see United States v. Caramouche*, 138 F.3d 1014, 1016 (5th Cir. 1998), the majority of circuits have determined that a court lacks jurisdiction to modify a sentence after the expiration of the seven day period following the oral announcement of the sentence.  *See United States v. Green,* 405 F.3d 1180, 1187-1188 (10th Cir. 2005); *United States v. Shank,* 395 F.3d 466, 470 (4th Cir. 2005); *United States v. Wisch*, 275 F.3d 620, 626 (7th Cir. 2001); *United States v. Austin*, 217 F.3d 595, 598 (8th Cir. 2000); *United States v. Morrison*, 204 F.3d 1091, 1092 (11th Cir. 2000); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1030 (9th Cir. 1999); *United States v. Werber,* 51 F.3d 342, 348-349 (2d Cir. 1995).  Courts in the Third Circuit have followed the majority opinion in applying the jurisdictional limits of Rule 35(a). *See United States v. Harris*, 2005 WL 23338, *3 (E.D. Pa. Jan. 4, 2005) (citing *United States v. Harris*, 2004 U.S. Dist. LEXIS 1789, at *3-4 (E.D. Pa. Feb. 10, 2004); *United States v. Black*, 2002 U.S. Dist. LEXIS 22664, at *2-3 (E.D. Pa. Nov. 21, 2002)).  *See also United States v. Bettis*, 2004 WL 232865 (3d Cir. 2004).

Since the defendant was sentenced on April 6, 2005, this Court does not have jurisdiction to decide this motion as the seven days following the imposition of the sentence have expired.  In conclusion, the Court **DENIES** the Government's motion to correct the sentence.

A separate order will be entered consistent with this letter opinion.

**Dated:** June 2, 2005                                      s/ William J. Martini_____
                                                                      **William J. Martini, U.S.D.J.**